IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAMAL SPRYE, | * | |
| *For himself and on behalf of all others similarly situated*, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-3064 |
| ACE MOTOR ACCEPTANCE CORP., | * | |
| Defendant. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending in this case is Defendant Ace Motor Acceptance Corporations' motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 19. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Defendant's motion to dismiss is granted in part and denied in part.

**I.    BACKGROUND**

Defendant Ace Motor Acceptance Corporation ("Ace") is a North Carolina-based company that issues car loans. Plaintiff Jamal Sprye's sister, Patricia Sprye, took out a car loan with Ace and listed Plaintiff as a reference on the loan application. *See* Complaint, ECF No. 2 at 6. Plaintiff's sister eventually fell behind on her loan repayments. After Ace was unable to reach Patricia Sprye, the company began calling Plaintiff, as Patricia's reference, on his cellular phone in order to determine Patricia's whereabouts. *Id.* According to the Complaint, a representative of Ace called Plaintiff at least twelve times between February 2013 and May 2014 using a Voice over Internet Protocol System ("VoIP") telephone system. *Id.* The Complaint also alleges that,

unbeknownst to Plaintiff, Ace recorded these calls and downloaded the recordings onto servers located throughout the world. *Id.*

On July 22, 2016, Plaintiff filed a four-count Complaint individually and on behalf of others similarly situated in the Circuit Court for Montgomery County. Plaintiff asserts the following claims: (1) violations of the federal Telephone Consumer Protection Act of 1991 ("TCPA"), §3(a), 47 U.S.C. § 227(b)(1)(A)(iii); (2) knowing or willful violations of the TCPA, §3(a), 47 U.S.C. § 227(b)(3); (3) violations of the Maryland Telephone Consumer Protection Act ("Maryland TCPA"), Md. Code Ann. Com. Law §§ 14-3201 *et seq.*; and (4) violations of the Maryland Wiretapping and Electronic Surveillance Act ("Maryland Wiretapping Act"), Md. Code, Cts. & Jud. Proc., §§ 10-401 *et seq. See* ECF No. 2 at 12–14. The Complaint delineates two putative classes and one subclass. The "TCPA Class" includes "[a]ll persons within the United States who, within the four years preceding the date of filing this Complaint 1) received a non-emergency telephone call from Ace 2) to a cellular telephone 3) through the use of an automatic telephone dialing system." *Id.* at 8. The "MDTCPA Subclass" includes "[a]ll persons within the State of Maryland who, within the three years preceding the date of filing this Complaint 1) received a non-emergency telephone call from Ace 2) to a cellular telephone 3) through the use of an automatic telephone dialing system." The "Md. Wiretap Act Class" includes "[a]ll persons within the State of Maryland who, within the three years preceding the date of filing this Complaint 1) received a telephone call from Ace's collections department 2) that was recorded by Ace." *Id.*

On September 6, 2016, Ace timely removed Plaintiff's action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the Class Action Fairness

Act pursuant to 28 U.S.C. § 1332(d). ECF No. 1. On October 7th, Ace filed a motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 19.

## II. STANDARD OF REVIEW

Ace's motion is styled as a Motion to Dismiss, or in the Alternative, for Summary Judgment, and it has attached additional materials to its motion. If the Court considers these materials it must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Before the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* By styling a motion as a "Motion to Dismiss, or in the Alternative, for Summary Judgment," as Ace did here, and attaching additional materials to its motion, the Plaintiff is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). However, summary judgment should not be granted if the nonmoving party has not had the opportunity to discover information that is essential to his opposition to the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1987). If the nonmoving party feels that the motion is premature, that party can invoke Rule 56(d) of the Federal Rules of Civil Procedure. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Under Rule 56(d), the Court may deny a motion for summary judgment if the non-movant shows through an affidavit that, for specified reasons, he cannot properly present facts, currently unavailable to him, that are essential to justify an opposition. Fed. R. Civ. P. 56(d).

Here, Plaintiff's counsel has supplied an affidavit pursuant to Rule 56(d) explaining that he cannot properly present facts in order to oppose Ace's motion for summary judgment without discovery. *See* ECF No. 23-3. Specifically, Plaintiff's counsel attests that he will need to depose

3

several of Ace's employees to resolve factual disputes regarding the type of telephone system Ace used to call Plaintiff and that system's capabilities as well as the procedure Ace's employees went through in making the calls to Plaintiff. Because Plaintiff has attested that he has not had the opportunity to discover information that is essential to his opposition to the motion, the Court will not consider the materials attached to Ace's motion and will treat this motion as one to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted).

The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III.   ANALYSIS**

A motion for class certification has not been filed in this case, but nothing explicit in Rule 23 that requires a determination on class certification prior to decisions on other motions. "While it is prudent in some cases to consider class certification first, it is within the court's discretion to determine that judicial economy is better served by an early decision on the merits." *White v. Bank of Am., N.A.*, No. CCB-10-1183, 2012 WL 1067657, at *4 (D. Md. Mar. 27, 2012). Here, Plaintiff does not challenge the propriety of deciding Ace's motion to dismiss before the class action is certified. Moreover, and as more fully explained below, considering the merits of this case first will protect both parties from needless expenditure of both time and money. *White*, 2012 WL 1067657, at *4.

Federal courts may only adjudicate the rights of putative class members upon certification of that class under Federal Rule of Civil Procedure 23. *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006) (citing *Washington v. Finlay*, 664 F.2d 913, 928 (4th Cir.1981) (noting that members of an uncertified putative class are not bound by, and obtain no legal benefit from, a judgment on the merits)). Therefore, at this stage, the Court will treat this "case as one brought by the named plaintiffs individually, not as members of a class." *Kaplan v. Utilicorp United, Inc.*, 9 F.3d 405, 407 (5th Cir. 1993) (citing *Pharo v. Smith*,

5

621 F.2d 656, 664 (5th Cir. 1980)); *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 n.6 (2d Cir. 1996).

A.     **Counts One through Three: Violations of the TCPA and Maryland TCPA**

In Counts One through Three of the Complaint, Plaintiff alleges that Ace violated the federal Telephone Consumer Protection Act ("TCPA") and the Maryland Telephone Consumer Protection Act ("Maryland TCPA") when it used an automated telephone dialing system to place a dozen calls to Plaintiff on his cell phone over the course of several months, all without his prior express consent. *See* Complaint, ECF No. 2 at 2, 12–13. But before reaching the merits of Plaintiff's claims, the Court must address whether it has jurisdiction Plaintiff's claims, as this case was removed from the Circuit Court for Montgomery County.

Congress enacted the TCPA to "curb abusive telemarketing practices that threaten the privacy of consumers and businesses." *Ashland Hosp. Corp. v. SEIU*, Dist. 1199 WV/KY/OH, No. 11–6006, 2013 WL 627234 (6th Cir. Feb. 21, 2013). Commensurate with this goal, the TCPA prohibits four practices. *See* 47 U.S.C. § 227(b)(1)(A)–(D). The TCPA's "call charged" provision is the only prohibited practice relevant to this case, and prohibits persons from "mak[ing] any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice," to "any telephone number assigned to . . . any service for which the called party is charged for the call." § 227(b)(1)(A)(iii).

The TCPA authorizes a private right of action for violations of § 227(b), providing that, "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, *bring in an appropriate court of that State*—(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for

actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3). "[I]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." *Id.*

Prior to 2012, the Circuits disagreed as to whether Congress granted state courts exclusive jurisdiction over private actions brought under the TCPA given the above-emphasized language found in 47 U.S.C. § 277(b)(3). Some federal courts dismissed TCPA suits on jurisdictional grounds because the TCPA instructs that private causes of action can be brought "in an appropriate court of that State." 47 U.S.C. § 227(b)(3). *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) (identifying the circuit split and citing cases). In 2012, the United States Supreme Court in *Mims v. Arrow Financial Services* held that the TCPA did not divest the federal courts of federal-question jurisdiction over these claims. 565 U.S. at 387. Instead, the statute affords federal and state courts concurrent jurisdiction over private suits arising under the TCPA. *See id.* at 372 (We hold . . . that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA."). Since *Mims*, courts in this Circuit have recognized that a claim that a defendant violated the TCPA is a proper ground for removal. *Lee v. Wells Fargo Home Mortg.*, No. 3:13-CV-00034, 2013 WL 5797375, at *3 (W.D. Va. Oct. 28, 2013) ("Both [the FDCPA and TCPA] are recognized grounds for removal in this Circuit") (citing *Mims*, 132 S. Ct. 740, 747–48); *see also Jay Clogg Realty Grp., Inc. v. Burger King Corp.*, 298 F.R.D. 304, 309 (D. Md. 2014) (affirming *Mim*'s holding that "a TCPA action 'arises under federal law' for

7

the purposes of § 1331"). Ace therefore properly removed Plaintiff's TCPA claims, and this Court has jurisdiction over them.

The Maryland TCPA was enacted "merely to enable a private right of action under the TCPA." *Worsham v. Ehrlich*, 181 Md. App. 711 (2008). It simply declares that a person "may not violate . . . [t]he [TCPA]." Md. Code Ann., Com. Law § 14–3201. Thus, a violation of the TCPA is also a violation of the Maryland TCPA. The Maryland TCPA contains a separate damages provision, allowing "an individual who is affected by a violation of this subtitle may bring an action against a person that violates this subtitle to recover: (1) Reasonable attorney's fees; and (2) Damages in the amount of the greater of: (i) $500 for each violation; or (ii) Actual damages sustained as a result of the violation." Further, "each prohibited telephone solicitation and each prohibited practice during a telephone solicitation is a separate violation" under the Maryland TCPA. *Id.* § 14–3202(c).

Standing alone, this Court does not have subject matter jurisdiction over Plaintiff's Maryland TCPA claim. However, pursuant to 28 U.S.C. § 1367, a federal court my exercise jurisdiction over state law claims if the state law claims form part of the same case or controversy. Non-federal claims are part of the same "case" as federal claims when they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). In determining whether to exercise supplemental jurisdiction, a district court should undergo a flexible balancing analysis in which it "should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Here, Plaintiff's Maryland TCPA and TCPA claims are based on the same conduct, involve the same named plaintiff, and are against same defendant. Additionally, the Maryland TCPA parallels the TCPA. It would therefore be both convenient and economical to

litigate these claims in the same court. Thus, the Court is authorized to, and will, exercise supplemental jurisdiction under § 1367(a) over Plaintiff's Maryland TCPA claim.

The Court will now proceed to the merits of Plaintiff's TCPA and Maryland TPCA claims. As explained above, Plaintiff brings his claim under the call charged provision of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." Thus, the elements of Plaintiff's TCPA and MDTCPA violations, as alleged in Counts One through Three, are (1) a call (other than one made for emergency purposes or made with the called party's prior express consent), (2) using any automatic telephone dialing system, and (3) to any telephone number assigned to a cellular telephone service. *See Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *6 (D. Md. Sept. 2, 2016), *aff'd*, No. 16-2133, 2017 WL 838276 (4th Cir. Mar. 3, 2017).

Plaintiff's Complaint suffices as to the first and third elements; he has alleged that Ace called his cell phone a dozen times between February 2013 and May 2014. *See* ECF No. 2 at 6. However, the Complaint lacks any facts supporting the second element—that Ace used an ATDS. He simply alleges, without factual support or further elaboration, that "[a]ll telephone contact by Act to Mr. Sprye on his cellular phone occurred via an 'automatic telephone dialing system,' as defined by 47 U.S.C. § 227(a)(1)." Compliant, ECF No. 2 at 7. Sure, he alleges that Ace used a Voice over Internet Protocol ("VoIP") telephone system. *See* ECF No. 2 at 6–7. However, he does not allege that a VoIP system is synonymous with an ATDS. Thus, these allegations are nothing more than "a formulaic recitation" of the second element of his causes of action under the TCPA and Maryland TCPA. "[T]he Federal Rules do not require courts to credit

a complaint's conclusory statements without reference to its factual context." *Iqbal*, 556 U.S. at 686. *See also Dominguez v. Yahoo, Inc.*, 629 F. App'x 369, 373 (3d Cir. 2015) (unpublished) (finding assertion in affidavit that merely restated TCPA's statutory definition of automatic telephone dialing system "nothing more than a legal conclusion couched as a factual assertion"); *Williams v. T-Mobile USA, Inc.*, No. 15-cv-03384-JSW, 2015 WL 5962270 (N.D. Cal. Oct. 14, 2015) (plaintiff's allegations as to ATDS "no more than legal conclusions couched as fact"). Accordingly, Ace's motion to dismiss is granted with respect to Plaintiff's MDTCPA and TCPA claims. The dismissal is without prejudice to provide Plaintiff the opportunity to cure the deficiencies in his Complaint.

**B.     Count Four (Violation of the Maryland Wiretapping and Electronic Surveillance Act)**

Count Four of Plaintiff's Complaint alleges that Ace violated the Maryland Wiretapping and Electronic Surveillance Act, Md. Cts. & Jud. Proc. Code Ann. §§ 10-401 *et seq.* by recording the conversations it had with Plaintiff without his consent.

In 1968, Congress passed Title III of the Omnibus Crime Control and Safe Streets Act ("Federal Wiretap Act") which created statutory limitations pertaining to the monitoring of communications at the federal and state levels. 18 U.S.C. §§ 2510–22. The Federal Wiretap Act was enacted with the "dual purpose [of] (1) protecting the privacy of wire and oral communications, and (2) delineating on a uniform basis the circumstances and conditions under which the interception of wire and oral communications may be authorized." *Gelbard v. United States*, 408 U.S. 41, 48 (1972). It has the preemptive effect of creating a ceiling, above which no jurisdiction may create more lenient wiretapping standards. *Davis v. State*, 426 Md. 211, 219 (2012) ("Each state was required to enact a responsive statute that was at least as protective of private citizens' rights as Title III."). Thus, the states remained free to impose more restrictive

protections against the interception of communications by direct legislation. *Seal v. State*, 223 Md. App. 779 (unreported), *rev'd*, 447 Md. 64 (2016).

The Maryland legislature responded by enacting the Wiretapping and Electronic Surveillance Law ("Maryland Wiretapping Act"), which creates a "civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use the communications, and be entitled to recover from any person." Md. Code Ann., Cts. & Jud. Proc. § 10-410. The Maryland Wiretapping Act is more restrictive in some respects than its federal counterpart. For example, Maryland requires consent from all parties before a conversation may be taped or otherwise intercepted in the absence of a court order authorizing law enforcement officials to conduct a wiretap. § 10–402(c)(3). The Federal Wiretap Act only requires consent from one party to the conversation. *Miles v. State*, 365 Md. 488, 509 (2001) (noting that Maryland law requires two-party consent versus one-party consent required under federal law).

Ace argues that Plaintiff's Maryland Wiretapping Act must be dismissed for two reasons. First, it argues that Plaintiff lacks Article III standing to bring the claim because he does not, and cannot, allege any concrete injury from the alleged interception of his communications.[1] Second, Ace argues that the Maryland Wiretapping Act does not prohibit Ace's recordings because the recordings were lawfully recorded in North Carolina, which is, like the Federal Wiretap Act, a one-party consent state.[2]

---

[1] In a footnote to its motion, Ace argues that Plaintiff has also failed to allege any actual injury in connection with Plaintiff's TCPA and Maryland TPCA claims. *See* ECF No. 19-1 at 11 n.5. But in a footnote to its reply brief, Ace concedes that Plaintiff has properly alleged an injury with respect to these claims. ECF No. 26 at 12 n.3.

[2] *See* N.C. Gen. Stat. Ann. §§ 15A-296; 15A-287 ("Except as otherwise specifically provided in this Article, a person is guilty of a Class H felony if, without the *consent of at least one party to the communication*, the person . . . [w]illfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication.") (emphasis added).

11

Plaintiff bears the burden of establishing standing as he "is the party seeking to invoke federal jurisdiction." *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 320 (4th Cir. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)); *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 263 F.R.D. 205, 210 (E.D. Pa. 2009). In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), the United States Supreme Court reiterated that the "irreducible constitutional minimum" of standing is that a plaintiff must show: "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at 560–61).

At issue here is the first element of standing—whether Plaintiff has suffered an "injury in fact" that is concrete, particularized, and actual or imminent. *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). A "concrete" injury is one that is "'real,' and not 'abstract.'" *Spokeo*, 136 S. Ct. at 1548 (citing Webster's Third New International Dictionary 472 (1971); Random House Dictionary of the English Language 305 (1967)). Tangible injuries plainly satisfy this requirement, but intangible injuries may also "nevertheless be concrete." *Id.* at 1549.

Here, the Complaint does not allege that Plaintiff suffered an injury because of Ace's surreptitious recording of its phone calls with Plaintiff. He simply alleges that "Ace's actions, described in this Complaint, constitute numerous and multiple violations of the Md. Wiretap Act." Complaint, ECF No. 2 at 13. In his Response to Ace's Motion to Dismiss, Plaintiff states that he "disagrees with Ace's [standing] analysis," but does not explain why he disagrees. Pl.'s Resp. in Opp'n, ECF No. 23 at 14. Accordingly, Plaintiff has not established standing.

Plaintiff argues that, in the event the Court concludes that he has failed to establish standing under Article III to pursue his Maryland Wiretapping Act claim, the Court must remand

this case to the Circuit Court for Montgomery County. Pl.'s Resp. in Opp'n, ECF No. 23 at 14. He explains that 28 U.S.C. § 1447(c) requires that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (emphasis added).

Plaintiff is correct, in part. Ace removed Plaintiff's Maryland Wiretapping Act claim on the basis of either supplemental jurisdiction or pursuant to the Class Action Fairness Act. But a court may not exercise supplemental jurisdiction over a claim if the claimant lacks Article III standing. *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 993 (8th Cir. 2016). As the United States Supreme Court explained in *DaimlerChrysler Corp. v. Cuno*, "What we have never done is . . . permit a federal court to exercise supplemental jurisdiction over a claim that does not itself satisfy those elements of the Article III inquiry, such as constitutional standing." 547 U.S. 332, 351–52 (2006). Additionally, "[t]he rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); 28 U.S.C. § 1453(c)(1) ("Section 1447 shall apply to any removal of a case under [CAFA], except . . . section 1447(d) . . . ."); *see also Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Human Servs.*, 876 F.2d 1051, 1053–54 (1st Cir. 1989).

Thus, this Court must remand Plaintiff's Maryland Wiretapping Act claim to the Circuit Court for Montgomery County, which is not bound by the constraints of Article III. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("We have recognized often that the constraints of Article III do not apply to state courts"); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (explaining that remand is the correct remedy when there is a failure

13

of federal subject-matter jurisdiction because "[s]tate courts are not bound by the constraints of Article III"); *cf. Rousseau v. Howard Cty., Md.*, No. JFM-09-CV-1079, 2009 WL 4018551, at *4 n.7 (D. Md. Nov. 19, 2009), *aff'd on other grounds*, 425 F. App'x 193 (4th Cir. 2011). However, remanding the entire case is improper when the court has jurisdiction over some of the related claims. *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 993 (8th Cir. 2016); *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998) (holding that remand of an entire case was improper where the court had jurisdiction over some related claims); *see also Shaw v. Marriott Int'l, Inc.,* 605 F.3d 1039, 1044 (D.C. Cir. 2010) (remanding some claims where after removal, some plaintiffs, but not all, lacked standing); *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001) (same). Therefore, only Plaintiff's Maryland Wiretapping Act claim will be remanded.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Ace properly removed Plaintiff's TCPA claims on the basis of federal question jurisdiction and the Court has decided to exercise supplemental jurisdiction over Plaintiff's Maryland TCPA claim. The Court will dismiss, without prejudice, Plaintiff's claims under the TCPA and Maryland TCPA for failure to state a claim. Plaintiff's claims pursuant to the Maryland Wiretapping Act, however, must be remanded for lack of Article III standing. A separate Order will follow.

5/3/2017  /S/
Date  Paula Xinis
United States District Judge